UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin Maddox El,

        Petitioner,                    Case Number: 23-cv-12427
                                                                Honorable Sean F. Cox

v.

Anthony M. Wickersham,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Kevin Maddox El is a pretrial detainee confined in the Macomb County Jail in Mount Clemens, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that his pretrial detention violates his right to substantive and procedural due process, the Immigration and Nationality Act, and the United States Constitution. For the reasons explained below, the Court dismisses the petition without prejudice, denies a certificate of appealability, and denies leave to proceed *in forma pauperis* on appeal.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

## II.

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A state prisoner must exhaust state court remedies before seeking federal habeas relief. *Id.* The exhaustion requirement applies to petitions filed by pretrial detainees. *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008). To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Federal district courts ordinarily must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). Petitioner has not alleged or otherwise shown that he exhausted his state court remedies for any of his claims. His unsupported statement that he "exhausted his administrative remedies to the extent required" fails to address the requirement that he exhaust his claims in state court. (ECF No. 1, PageID.3.) Therefore, Petitioner's claims are unexhausted and the petition is subject to dismissal on that basis.

Additionally, and alternatively, even if the Court were to excuse the exhaustion requirement, the Court would decline to decide the petition at this time. Federal courts do not interfere with pending state criminal proceedings "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Federal courts abstain from cases that would interfere with a state prosecution when (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff or petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017). In this case, all three requirements are met. Petitioner has an ongoing state criminal case pending in the Macomb County Circuit Court. State court criminal proceedings clearly implicate important state interests and those proceedings also provide an adequate opportunity for Petitioner to raise his constitutional challenges. Petitioner has alleged no facts to show that he is or will be unable to exhaust these constitutional claims in the state court.

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has not exhausted available state remedies for his claims and because the Court must abstain from interfering with the state criminal proceeding.

**III.**

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a

3

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner makes no such showing and a certificate of appealability will be denied.

## IV.

For the reasons stated, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus and DENIES a certificate of appealability.

The Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. 24(a). Accordingly, the Court DENIES Petitioner leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

                                                s/Sean F. Cox  
                                                Sean F. Cox  
                                                United States District Judge

Dated: October 20, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or parties of record on October 20, 2023, by electronic and/or ordinary mail.

                                                s/J. McCoy  
                                                Case Manager